**U.S. Department of Justice**

CHARLESTON, WV

*United States Attorney*
*Southern District of West Virginia*

2011 APR -4 A 6: 41

U. S. ATTORNEY

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East, Suite 4000*
*Charleston, WV 25301*
*FAX: (304) 347-5104*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326-1713*
*(304) 345-2200*
*1-800-659-8726*

FILED
MAY -5 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

March 28, 2011

Steven K. Mancini, Esquire
The Southern WV Law Clinic
P.O. Box 5514
Beckley, WV  25801

      Re:  United States v. Raymond C. Dawson

Dear Mr. Mancini:

    This will confirm our conversations with regard to your client, Raymond D. Dawson (hereinafter "Mr. Dawson"). As a result of these conversations, it is agreed by and between the United States and Mr. Dawson as follows:

    1.  **CHARGING AGREEMENT.** Mr. Dawson agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2.  **RESOLUTION OF CHARGES.** Mr. Dawson will plead guilty to a violation of Title 18 U.S.C. § 1001 (false statement to MSHA special investigators) as charged in said information.

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Dawson will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of five years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

Defendant's initials

Steven K. Mancini, Esquire
March 28, 2011
Page 2                              Re:  Raymond C. Dawson


(c) A term of supervised release of three years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4. **REVOCATION OF MSHA-APPROVAL AS INSTRUCTOR.** Mr. Dawson knowingly and voluntarily agrees to the permanent revocation of his instructor approvals under Part 48 of Title 30, Code of Federal Regulations, by the Mine Safety and Health Administration ("MSHA"), and to voluntarily relinquish and surrender all such approvals to MSHA. Mr. Dawson further agrees knowingly and voluntarily not to contest any such revocation by MSHA and never to reapply for approval by MSHA as an instructor or to perform any miner training or assist in performing any miner training under Parts 46 and 48 of Title 30, Code of Federal Regulations, or to certify that any such miner training was given.

5. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Dawson will tender a check or money order to the Clerk of the United States District Court for amount $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Dawson will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Dawson fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Dawson.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Dawson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the

                                                    _____
                                                    Defendant's
                                                    initials

Steven K. Mancini, Esquire
March 28, 2011
Page 3                                    Re:  Raymond C. Dawson

monetary penalties are ordered to be due and payable in full immediately, Mr. Dawson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7. **COOPERATION.** Mr. Dawson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Dawson may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Dawson, nothing contained in any statement or testimony provided by Mr. Dawson pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Dawson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Dawson for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Dawson stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Dawson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by

_____
Defendant's
initials

Steven K. Mancini, Esquire
March 28, 2011
Page 4                               Re:  Raymond C. Dawson

him, and he is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Dawson or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Dawson or on his behalf. Mr. Dawson knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Dawson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Dawson is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed by the District Court. Nonetheless, Mr. Dawson knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty prescribed by statute.

Mr. Dawson also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any

_____
Defendant's
initials

Steven K. Mancini, Esquire
March 28, 2011
Page 5                                    Re:  Raymond C. Dawson


collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Dawson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

   (a) Inform the Probation Office and the Court of all relevant facts and conduct;

   (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

   (c) Respond to questions raised by the Court;

   (d) Correct inaccuracies or inadequacies in the presentence report;

   (e) Respond to statements made to the Court by or on behalf of Mr. Dawson;

   (f) Advise the Court concerning the nature and extent of Mr. Dawson's cooperation; and

   (g) Address the Court regarding the issue of Mr. Dawson's acceptance of responsibility.

Defendant's initials

Steven K. Mancini, Esquire
March 28, 2011
Page 6                                        Re:   Raymond C. Dawson

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Dawson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Dawson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Dawson in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II
United States Attorney

By: /s/ Philip H. Wright
PHILIP H. WRIGHT
Assistant United States Attorney

PHW/vld

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorneys, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorneys has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has

Defendant's initials

Steven K. Mancini, Esquire
March 28, 2011
Page 7                                          Re:   Raymond C. Dawson

threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          3-28-11
RAYMOND C. DAWSON                         Date Signed
Defendant

_____          3-28-11
STEVEN K. MANCINI, ESQUIRE                Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                       CRIMINAL NO. _____
                                         18 U.S.C. § 1001
**RAYMOND C. DAWSON**

## I N F O R M A T I O N

The United States Attorney Charges:

(False Statement to MSHA Special Investigators)

### Background

At all relevant times:

1. Griffith Construction Company ("Griffith Construction") was an independent contractor that performed construction and other services at a coal mine, known as the Brooks Run Mining Company, LLC - Cucumber Mine, in McDowell County, West Virginia. The products and operations of Cucumber Mine and the activities of Griffith Construction affected interstate commerce. Thus, Griffith Construction was an "operator" under the Federal Mine Safety and Health Act of 1977 (the "Mine Act"), codified in Chapter 22 of Title 30, United States Code.

2. As an operator, Griffith Construction was subject to the provisions of the Mine Act and the regulations promulgated thereunder, including the mandatory safety standards in Title 30, Code of Federal Regulations.

**"PLEA AGREEMENT EXHIBIT A"**

3. The Mine Safety and Health Administration ("MSHA") was an agency of the United States Department of Labor and was responsible for the promulgation and enforcement of the federal regulations codified in Title 30 of the Code of Federal Regulations related to mine safety and health.

4. Section 825(a) of Title 30, United States Code, required that new miners at a coal mine receive a certain number of hours of initial training. Section 48 of Title 30, Code of Federal Regulations, further required that the initial training include training on: the miners' work environment, which included a visit to and a tour of the mine; hazard recognition; and health and safety aspects of the tasks to which they would be assigned.

5. Section 825(a) of Title 30, United States Code, also required that experienced miners receive 8 hours of annual refresher training. Section 48 of Title 30, Code of Federal Regulations further required that the annual refresher training include, among other things, training on mandatory health and safety standards related to the miners' tasks, transportation controls and communication systems, firefighting, first aid, prevention of accidents, and the recognition and avoidance of electrical hazards.

6. Defendant RAYMOND C. DAWSON, who resided in Raysal, McDowell County, West Virginia, was an instructor approved by MSHA to provide initial and refresher training to miners.

7.  Section 48 of Title 30, Code of Federal Regulations, also required that upon a miner's completion of an MSHA-approved training program, a training certificate (the MSHA Form 5000-23) was to be completed and maintained at the operator's site, available for inspection by MSHA and others.

### The False Statement

8.  On or about November 3, 2008, at or near Iaeger, McDowell County, West Virginia, and within the Southern District of West Virginia, defendant RAYMOND C. DAWSON knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in that defendant RAYMOND C. DAWSON stated and represented to Special Investigators of MSHA that "I always give the required training and always keep the miners the required amount of time," when in fact and as he well knew at the time, on prior occasions he had not given the required training to miners employed by Griffith Construction and had not kept the miners the required amount of time for the training.

In violation of Title 18, United States Code, Section 1001.

R. BOOTH GOODWIN II
United States Attorney

By: _____
PHILIP H. WRIGHT
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                            CRIMINAL NO. _____

RAYMOND C. DAWSON

## STIPULATION OF FACTS

The United States and Raymond C. Dawson ("Mr. Dawson") stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the following:

During all relevant times, Mr. Dawson had been approved by the Mine Safety and Health Administration ("MSHA"), an agency of the United States Department of Labor, to provide training, including initial and annual refresher training, for miners working at coal mines and for the employees of independent contractors that performed construction and other services at coal mines. Both Harman Branch Mining, Inc., a coal mining company, and Griffith Construction Company, an independent contractor that performed services at a coal mine, used Mr. Dawson to provide training to their employees.

On October 29, 2008, Mr. Dawson met with MSHA Special Investigators in Iaeger, McDowell County, West Virginia. The MSHA Special Investigators asked Mr. Dawson about the training he provided to miners and his training records. Among other things, Mr. Dawson told the Special Investigators that he always gave the miners the required training and kept them for the training for the required number of hours.

On November 3, 2008, Mr. Dawson again met with MSHA Special Investigators in Iaeger. The Special Investigators gave Mr. Dawson a memorandum entitled "Statement," which memorialized what he had told them on October 29, 2008. Mr. Dawson reviewed the Statement and agreed to its contents. Included in the Statement was the following: "I always give the required training and always keep the miners the required amount of time. For example, miners are required to stay the full eight hours for annual refresher training."

The Statement also contained the following paragraph:

I have read (or have had read to me) and had an opportunity to correct this statement consisting of 3 pages. I have not been threatened or intimidated in any way, and I have not been promised a reward in exchange

**"PLEA AGREEMENT EXHIBIT B"**

for my statement. I find these facts to be true, accurate and correct to the best of my knowledge and belief. It was made voluntarily and I have initialed or signed each of the foregoing pages and affixed my signature to the last page No. 3.

As noted, Mr. Dawson initialed each of the 3 pages of the Statement and signed the last page.

The Statement was false, as Mr. Dawson well knew when he signed it on November 3, 2008, in that he did not "always give the required training and always keep the miners the required amount of time." As recently as Saturday, October 18, 2008, two miner employees of Griffith Construction visited Mr. Dawson at his home in Raysal, West Virginia, to receive 8 hours of annual refresher training. Mr. Dawson discussed some of the required topics with the miners, but not all. The training was not completed and did not last for the required 8 hours of time. Nonetheless, Mr. Dawson prepared a training certificate, the MSHA form 5000-23, for both miners and certified on each form that the miner had completed the required annual refresher training. Mr. Dawson also wrote on each form that the training had been given at his home in Raysal, West Virginia, for Griffith Construction. Each miner paid Mr. Dawson $50.

Furthermore, on at least two other occasions from August - October 2008, Mr. Dawson certified on an MSHA form 5000-23 that required training for a miner had been completed when in fact, and as Mr. Dawson knew at the time, such training had not been completed. On these two occasions, Mr. Dawson met with the miner at his home in Raysal, West Virginia. One of the miners worked for Harman Branch Mining, Inc., while the other miner worked for Griffith Construction Company.

This Stipulation of Facts does not contain each and every fact known to Mr. Dawson and to the United States concerning Mr. Dawson's offense of conviction and relevant conduct.

Stipulated and agreed to:

_____          3-29-2011
RAYMOND C. DAWSON                  Date
Defendant

_____          3-29-11
STEVEN K. MANCINI, ESQUIRE         Date
Counsel for Defendant

_____          4-4-2011
PHILIP H. WRIGHT                   Date
Assistant United States Attorney

2