**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD**

**UNITED STATES OF AMERICA**

**v.**                                               **CRIMINAL NO. 1:11-00092**

**RAYMOND C. DAWSON**

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States hereby submits this Sentencing Memorandum.

I. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

A. Nature and Circumstances of the Offense and the History and Characteristics of the Offender

The defendant made false statements to MSHA Special Investigators to cover up his false certifications on MSHA training documents and his failure to provide required training to coal miners. Coal mining is inherently dangerous. As a result the government has enacted laws and regulations designed to protect the health and safety of coal miners. The regulatory scheme, however, depends in large part on the integrity and good faith actions of those who participate in the industry, including people like defendant who are paid to properly train coal miners. Defendant utterly failed in this regard.

Defendant has accepted responsibility for his offenses. As part of his plea agreement, he agreed to the permanent revocation of his approvals to act as an instructor for miner training. He has also cooperated with MSHA Special Investigators.

B.  <u>Sentencing Factors in 18 U.S.C. § 3553(a)(2) - (a)(4)</u>

A sentence that includes a term of imprisonment within the guideline range of 12-18 months, or which substitutes community confinement or home detention per U.S.S.G. §5C1.1(d)(2)(for sentences in Zone C of the Sentencing Table) for one half of a guideline range term of imprisonment, would meet the statutory objectives of 18 U.S.C. §3553(a)(2).[1]  Defendant does not appear to be a risk of becoming a repeat offender.

The statutory maximum for imprisonment is five years.  He is also eligible for probation under 18 U.S.C. § 3561, although the Sentencing Guidelines indicate that probation should not be given to a defendant whose total offense level falls in Zone C of the Sentencing Table.

C.  <u>The Need to Avoid Unwarranted Disparities</u>

A sentence within the guideline range as described above would meet this objective.

D.  <u>Restitution</u>

Restitution is not an issue in this case.

II.  OBJECTIONS TO PRESENTENCE REPORT

---

[1] The objectives listed in 18 U.S.C. §3553(a)(2) are: the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes by the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

2

As noted in paragraph 20 of the draft Presentence Report,[2] and as discussed in United States v. Turner, 102 F.3d 1350, 1358-59 (4th Cir. 1996), an enhancement for the conscious or reckless risk of death or serious bodily injury is appropriate in a case involving the failure to provide required safety training to coal miners. Defendant has not objected specifically to this analysis.

Rather, defendant objects to an enhancement under U.S.S.G. §2B1.1(b)(13)(A) (raising his adjusted offense level to 14) solely on the ground that he pled guilty to making a false statement to an MSHA investigator and not to falsifying a mine safety training certificate.[3]  His objection should be denied.

Section 1B1.2 of the Sentencing Guidelines requires a determination of the offense guideline for the offense of conviction and also for relevant conduct. U.S.S.G. § 1B1.2(b). Section 1B1.3 in turn provides that with respect to offenses that would be "grouped," all acts and omissions committed by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction" should be counted as relevant conduct. U.S.S.G. §1B1.3(a)(2) and Application Note 3. Here, defendant has admitted to failing to provide to certain

---

[2] As of the filing of this Sentencing Memorandum, the final Presentence Report was unavailable.

[3] The false certifications on the MSHA training documents could have been charged as felony violations of either 30 U.S.C. § 820(f)(punishing false statements in mine cases) or 18 U.S.C. § 1001.

miners all of the required training that he should have provided. He also has admitted that he nonetheless certified on MSHA forms 5000-23 that the required training had been completed – certifications he knew were false. He then lied to MSHA Special Investigators about his criminal actions, which forms the basis for the offense of conviction.

Thus, defendant's failure to properly train miners and his false certifications on the MSHA forms are separate offenses that were part of the same course of conduct or common scheme or plan as the offense of conviction. These offenses would group if they had been charged and resulted in convictions. Under U.S.S.G. §1B1.3(a)(2) and Application Note 3, therefore, the relevant conduct for the uncharged offenses should apply to defendant.

Following <u>Turner</u>, and as explained in the draft Presentence Report, the guideline computation for the relevant conduct of falsely certifying an MSHA training form should include the enhancement under U.S.S.G. §2B1.1.(a)(13). Thus, defendant's adjusted offense level should be 14.

The United States has no objection to the Presentence Report.

### III. VARIANCE

Counsel for defendant has informed the United States that he intends to file a motion for the Court to vary downward from the guideline range in imposing the sentence. That motion for a downward variance had not been filed as of the filing of this

Sentencing Memorandum. The United States intends to respond to defendant's motion at the sentencing hearing.

IV. SENTENCING HEARING

The United States does not intend to call witnesses for the hearing and anticipates that the hearing will last approximately 45 minutes.

    Respectfully submitted,

    R. BOOTH GOODWIN II
    United States Attorney

By:
    /s/Philip H. Wright
    PHILIP H. WRIGHT
    Assistant United States Attorney
    WV Bar No. 7106
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: philip.wright@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by United States Mail this the 18th day of August, 2011, to:

>Steven K. Mancini, Esquire
>The Southern WV Law Clinic
>P.O. Box 5514
>Beckley, WV  25801

>/s/Philip H. Wright
>PHILIP H. WRIGHT
>Assistant United States Attorney
>WV Bar No. 7106
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email:  philip.wright@usdoj.gov